**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER YOUNGWITH, | ) | |
| Plaintiff, | ) | |
| By her Parent and Next Friend, | ) | Case Number: 10-cv-05154 |
| JANICE YOUNGWITH, | ) | |
| | ) | Judge: Charles R. Norgle, Sr. |
| v. | ) | |
| | ) | Magistrate Judge: Maria Valdez |
| SPECIAL OLYMPICS ILLINOIS, a | ) | |
| not-for-profit Illinois corporation, and | ) | **Jury Trial Demanded** |
| BOARD OF EDUCATION OF COMMUNITY | ) | |
| HIGH SCHOOL DISTRICT 94, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Jennifer Youngwith ("Youngwith"), by her Parent and Next Friend Janice Youngwith, and by her attorneys, Alan M. Goldstein, Amy F. Peterson, Daniel A. Spira, and Rachel F. Margolis of Equip for Equality, hereby complains against Defendants Special Olympics Illinois ("SOI") and Board of Education of Community High School District 94 ("School District") as follows:

**Introduction**

Youngwith brings this action to obtain redress for Defendants' violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Titles II and III of the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12132, 12182. Youngwith is a minor with intellectual, developmental, physical, and respiratory disabilities who was denied the opportunity to participate on court in basketball games and on the track in track and field events in sports programs conducted by SOI and School District, despite the fact that she is qualified to participate in these programs. In reaching their decision, Defendants SOI and School District unlawfully discriminated against Youngwith by failing to provide her a full and equal opportunity to

participate in basketball and track and field programs, unlawfully limiting her involvement in basketball and track and field programs, failing to conduct a proper individualized assessment of Youngwith's ability to participate, failing to engage in the interactive process to determine if any reasonable accommodations or modifications were required, failing to provide any reasonable accommodations or modifications, failing to provide Youngwith with any appeal or grievance opportunities, and otherwise failing to comply with the ADA and Rehabilitation Act. In addition, Defendants tortiously inflicted emotional distress upon Youngwith, and Defendant School District violated the Illinois School Code by denying her the use of her service animal. Youngwith seeks an injunction from this Court ordering SOI and School District to allow her to participate in basketball and other sports programs. Youngwith also seeks compensatory damages, punitive damages, attorneys' fees, an order that School District and SOI undergo ADA and disability awareness training, and other appropriate relief.

## **Parties**

1.  Plaintiff Jennifer Youngwith is a seventeen year-old minor residing in Carol Stream, DuPage County, Illinois.

2.  Janice Youngwith is the Parent and Next Friend of Jennifer Youngwith and resides in Carol Stream, DuPage County, Illinois.

3.  Defendant Special Olympics Illinois is a not-for-profit corporation organized under the laws of the State of Illinois with its principal headquarters at 605 East Willow Street, Normal, Illinois 61761, and branch locations in Glen Ellyn, DuPage County, Illinois, and Highland, Madison County, Illinois.

4.  Defendant Board of Education of Community High School District No. 94 is a public school district providing over 2,000 students of DuPage County, Illinois with a public education in grades nine through twelve.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over these claims because they arise under the laws of the United States pursuant to 28 U.S.C. § 1331.

6.  Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b) and (c) because: Defendant School District operates in DuPage County within the venue; Defendant SOI has sufficient minimum contacts with the venue although its principal office is in McLean County in the Central District of Illinois; and a substantial part of the events or omissions giving rise to these claims occurred in the venue.

7.  This Court has supplemental jurisdiction over the claim in Count V alleging violation of the Illinois School Code and the claims in Count VI, VII, VIII and IX alleging Intentional and Negligent Infliction of Emotional Distress under Illinois law, as these claims arise under the same case or controversy, as required by 28 U.S.C. § 1367.

## Facts

8.  Youngwith is a minor with cerebral palsy and intellectual, developmental, physical, and respiratory disabilities that substantially limit her in one or more major life activities including, but not limited to, breathing and brain function.

9.  Youngwith is a qualified individual with a disability under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

10.  Defendants, SOI and School District, have regarded Youngwith as having a disability within the meaning of the ADA and the Rehabilitation Act.

11. Plaintiff has a record of a disability under the ADA and Rehabilitation Act.

12. Youngwith uses an oxygen tank due to her disabilities.

13. The oxygen tank is approximately 15ö tall and weighs fewer than four pounds.

14. Due to her disabilities, Youngwith uses a service animal that is õindividually trained to perform tasksö including carrying her oxygen tanks and performing other tasks.

15. School District is a public high school in DuPage County, Illinois, which has organized, sponsored, and hosted basketball and other sports and recreation programs.

16. School District is a public entity under Title II of the ADA, 42 U.S.C. §12132.

17. School District is a recipient of federal funding under the Rehabilitation Act.

18. Youngwith is enrolled as a student at School District in DuPage County, Illinois.

19. Youngwith has safely and fully participated in School District basketball and sports programs using her service animal and oxygen tank since entering high school in 2007 until on or about October 20, 2009, when she was denied the opportunity to fully participate on the court during basketball games and was later denied the opportunity to participate on the track during track and field meets.

20. Youngwith has safely and fully participated in basketball and other sports and recreation programs using her oxygen tank since 2002, and using her service animal and oxygen tank since 2005, through programs including: Rising Stars Buddy Baseball Program in Wheaton, Illinois, Western DuPage Special Recreation Association ballet/jazz program, and Celebrating Abilities in Physical Education program at Northern Illinois University in DeKalb, Illinois.

21. SOI is the Illinois chapter of the international Special Olympics organization.

22. The mission of SOI, as listed on its website, is to provide individuals with intellectual disabilities with õcontinuing opportunities to develop physical fitness, demonstrate courage,

4

experience joy, and participate in a sharing of gifts, skills and friendship with their families, other Special Olympics athletes and the community.ö www.soil.gov.

23. SOI is a place of public accommodation under Title III of the ADA. 42 U.S.C. § 12182.

24. SOI is a recipient of federal funding, thus subject to the Rehabilitation Act.

25. School District began hosting a Special Olympics basketball program in Fall 2009 and is an ongoing partner with SOI in providing sports and recreational opportunities to students with intellectual disabilities.

26. Youngwith submitted medical and other information to SOI and School District supporting her ability to safely participate on court during SOI and/or School District basketball games.

27. Defendants were in a position of power and authority over Youngwith and they were aware of her medical conditions.

28. On or around October 20, 2009 or October 21, 2009, SOI informed Youngwithøs mother that it was considering restricting Youngwithøs participation in SOIøs program being held at her school, School District.

29. Youngwith participated safely in the first SOI and School District basketball practice of the season on November 3, 2009 and was fully accepted by her teammates.

30. On November 9, 2009, Tracy Hilliard, Vice President of Sports and Training for SOI, informed Youngwithøs mother that Youngwith would not be permitted to participate on court in the Special Olympics basketball season being held at her school, School District.

31. Youngwith was not denied the opportunity to fully participate in School District sports and recreation programs before School District began partnering with SOI.

32. In all respects, Youngwith is eligible and qualified to fully and safely participate in the SOI and School District basketball, track and field, and other sports programs with or without reasonable modifications and/or accommodations.

33. From October 20, 2009 through the present, Youngwith was denied the opportunity for on court participation in the basketball program conducted by SOI and School District, with events occurring on the premises of School District, at the United Center in Chicago, Cook County, Illinois, and at other locations.

34. On February 10, 2010, SOI and School District organized and participated in a basketball game that was taking place at the United Center immediately preceding a Chicago Bulls basketball game.

35. On January 22, 2010, SOI sent an email to Janice Youngwith in reference to the February 22, 2010 game, stating that SOI determined that it was "not appropriate for Jennifer be on the basketball court during the game with either Simba, her assistance dog, or with an oxygen tank." (A copy of the email of January 22, 2010 from SOI is attached as "Exhibit A").

36. On or about February 10, 2010, Youngwith was denied full and equal participation by SOI and School District in the Special Olympics basketball game held at the United Center in Chicago, Illinois, as she was not permitted to participate on court during the game.

37. In addition to limiting Youngwith's involvement in the basketball program, SOI and School District have denied Youngwith the opportunity to participate fully in the track and field program by denying her the opportunity to participate on the track during track events, and will likely restrict Youngwith's participation in other sports and recreation programs conducted by Defendants.

38. Prior to excluding Youngwith from participating on court in the SOI and School District basketball program games and on the track in track and field events, Defendants SOI and School District failed to engage in any interactive process or properly conduct an individualized assessment to determine whether Youngwith could safely and fully participate in its events with or without reasonable modifications and/or accommodations.

39. Defendants offered no medical information or other lawful justification for their decision.

40. A Special Olympic athlete in another state safely participated in Special Olympics basketball programs using an oxygen tank that weighed approximately 20 pounds.

41. A Special Olympic athlete in another state safely participated in Special Olympics basketball programs using a wheelchair that was pushed by another individual.

42. The decisions of SOI and School District excluding Youngwith from participating on court in the basketball program and in the track program were based on Youngwith being a person with a disability under the ADA and Rehabilitation Act and her use of a service animal and oxygen tank.

43. Defendants' refusal to allow Youngwith to participate on court in Defendants' basketball, track and field, and sports and recreation programs was willful and wanton and made with a conscious and reckless disregard for Youngwith's federally protected statutory civil rights.

44. Defendants' conduct was taken in complete disregard of the probability of it causing emotional distress to Youngwith.

45. Defendants' discriminatory treatment of Youngwith is adversely affecting her health, causing her significant mental and physical distress including, but not limited to: loss of

companionship, lack of needed supervision and structure, pain, suffering, fear, humiliation, embarrassment, severe emotional distress, and other physical and mental injuries.

46. In January 2010, Youngwith's school psychologist advised Youngwith's parent that the source of her high levels of stress was her exclusion from playing basketball in the program conducted by SOI and School District.

47. Youngwith was very upset on February 10, 2010, because she was not allowed to play in the SOI/School District basketball game at the United Center.

48. On or about March 22, 2010, Youngwith was advised that she could not participate in the SOI/School District track relay race. Shortly thereafter, Youngwith became very upset and ill with a migraine headache, and she vomited in the car on the way home from school.

49. Youngwith's doctor prescribed anti-depressants due to Youngwith's depression and anxiety caused by SOI and School District's exclusion of her from full participation in the basketball and track programs.

50. Youngwith plans and intends to participate in both SOI and School District sporting events and programs in the future.

51. Plaintiff Youngwith prays this Court issue an injunction compelling SOI and School District to allow Youngwith to participate in its basketball, track, and other events, as well as compensatory damages, punitive damages, attorneys' fees, an order that SOI and School District undergo ADA and disability awareness training, and other appropriate relief.

## COUNT I: SOI'S VIOLATION OF THE REHABILITATION ACT

52. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 51 as if fully set forth in this paragraph 52.

53. § 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disabilityí , shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistanceí

54. SOI receives federal funding.

55. SOIøs special recreation programs constitute a program or activity within the meaning of the Rehabilitation Act.

56. SOIøs conduct was based on Youngwithøs status as a person with a disability.

57. SOI did not:

   a) conduct a bona fide and proper individualized assessment;

   b) engage in the interactive process;

   c) explore reasonable modifications and/or accommodations;

   d) allow Youngwith the opportunity to fully and equally participate in basketball and track and field programs; and/or

   e) allow Youngwith to realize the benefits of fully and equally participating on court in the basketball games, on the track in track and field meets, and otherwise denied her the benefits of full and equal participation from participating in sports and recreation programs, including the basketball and track and field programs.

58. SOI intentionally and unlawfully discriminated against Youngwith by:

   a) excluding her from the basketball court and track;

   b) denying her the opportunity to fully and equally participate on court in its basketball program and on the track in its track and field program;

   c) denying her the benefits of full and equal participation in basketball, track and field, and sports and recreation programs;

d) preventing her from participating in the most integrated setting appropriate for her needs; and

e) otherwise denying Youngwith her rights under the Rehabilitation Act.

59. SOI is likely to continue to deny or limit Youngwith's participation in other SOI events and programs.

60. SOI, by virtue of the conduct described herein, discriminated against Youngwith because of her disabilities in violation of § 504 of the Rehabilitation Act of 1973 and its conduct was intentional, willful and wanton, and made with a reckless disregard for Youngwith's federally protected statutory rights.

WHEREFORE, Youngwith requests that this Court enter judgment in her favor and against SOI as follows:

a) A declaratory judgment that SOI has discriminated against Youngwith by denying her admission to SOI programs and services in violation of § 504 of the Rehabilitation Act;

b) An order requiring SOI to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) An order requiring SOI to provide any reasonable accommodations or modifications that may be necessary;

d) Compensatory damages;

e) Attorneys' fees and costs;

f) An order requiring SOI to undergo ADA and disability awareness training; and

g) Such other relief as the Court deems just and proper.

10

## COUNT II: SOI'S VIOLATION OF TITLE III OF THE ADA

61.     Youngwith reincorporates and realleges the allegations in paragraphs 1 through 60 as if fully set forth in paragraph 61.

62.  Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation

42 U.S.C. § 12182.

63.  SOI is a "place of public accommodation" under Title III of the ADA.

64.  SOI, by virtue of the conduct described herein, unlawfully discriminated against Youngwith because of her disability in violation of Title III of the ADA and its conduct was intentional, willful and wanton, and made with a reckless disregard for Youngwith's federally protected statutory rights.

65.  SOI, by virtue of the conduct described herein, unlawfully discriminated against Youngwith by preventing her from participating in the most integrated setting appropriate for her needs.

66.  SOI is likely to continue to deny or limit Youngwith's participation in other SOI events and programs.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against SOI as follows:

a)  A declaratory judgment that SOI has discriminated against Youngwith by denying her admission to SOI programs and services in violation of Title III of the ADA;

b) An order requiring SOI to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) An order requiring SOI to provide any reasonable accommodations or modifications that may be necessary;

d) Attorneys' fees and costs;

e) An order requiring SOI to undergo ADA and disability awareness training; and

f) Such other relief as the Court deems just and proper.

## COUNT III: SCHOOL DISTRICT'S VIOLATION OF THE REHABILITATION ACT

67. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 66 as if fully set forth in this paragraph 67.

68. § 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability… , shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…

69. School District receives federal funding.

70. School District sports and recreation programs constitute a program or activity within the meaning of the Rehabilitation Act.

71. The conduct of School District was based on Youngwith's status as a person with a disability.

72. School District did not:

a) conduct a bona fide individualized assessment;

b) engage in the interactive process;

c) explore reasonable modifications and/or accommodations;

12

    d)  allow Youngwith the opportunity to fully and equally participate in basketball and track and field programs; and/or

    e)  allow Youngwith to realize the benefits of fully and equally participating on court in the basketball games, on the track in track and field meets, and otherwise denied her the benefits of full and equal participation from participating in sports and recreation programs, including the basketball and track and field programs.

73.  School District intentionally and unlawfully discriminated against Youngwith by:

    a)  excluding her from the basketball court and track;

    b)  denying her the opportunity to fully and equally participate on court in its basketball program and on the track in its track and field program;

    c)  denying her the benefits of full and equal participation in basketball, track and field, and sports and recreation programs;

    d)  preventing her from participating in the most integrated setting appropriate for her needs; and

    e)  otherwise denying Youngwith her rights under the Rehabilitation Act.

74.  School District is likely to continue to deny or limit Youngwith's participation in other School District events and programs.

75.  School District, by virtue of the conduct described herein, discriminated against Youngwith because of her disabilities in violation of § 504 of the Rehabilitation Act of 1973 and its conduct was intentional, willful and wanton, and made with a reckless disregard for Youngwith's federally protected statutory rights.

76. School Distrct, by virtue of the conduct described herein, unlawfully discriminated against Youngwith by preventing her from participating in the most integrated setting appropriate for her needs.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against School District as follows:

a) A declaratory judgment that School District has discriminated against Youngwith by denying her admission to School District programs and services in violation of § 504 of the Rehabilitation Act;

b) An order requiring School District to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) An order requiring School District to provide any reasonable accommodations or modifications that may be necessary;

d) Compensatory damages;

e) Attorneys' fees and costs;

f) An order requiring School District to undergo ADA and disability awareness training; and

g) Such other relief as the Court deems just and proper.

## COUNT IV: SCHOOL DISTRICT'S VIOLATION OF TITLE II OF THE ADA

77. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 76 as if fully set forth in this paragraph 77.

78. Title II of the ADA provides:

No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

79.  School District is a "public entity" under Title II of the ADA.

80.  The actions of School District described herein constitute discrimination under Title II of the ADA and its conduct was intentional, willful and wanton, and made with a reckless disregard for Youngwith's federally protected statutory rights.

81.  School District is likely to continue to deny or limit Youngwith's participation in other School District events and programs.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against School District as follows:

a)  A declaratory judgment that School District has discriminated against Youngwith by denying her admission to School District programs and services in violation of Title II of the ADA;

b)  An order requiring School District to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c)  An order requiring School District to provide any reasonable accommodations or modifications that may be necessary;

d)  Compensatory damages;

e)  Attorneys' fees and costs;

f)  An order requiring School District to undergo ADA and disability awareness training; and

g)  Such other relief as the Court deems just and proper.

## COUNT V: SCHOOL DISTRICT'S VIOLATION OF THE ILLINOIS SCHOOL CODE

82. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 81 as if fully set forth in this paragraph 82.

83. The Illinois School Code provides that, "service animals such as guide dogs, signal dogs or any other animal individually trained to perform tasks for the benefit of a student with a disability shall be permitted to accompany that student at all school functions, whether in or outside the classroom." 105 ILCS 5/14-6.02.

84. Defendant's actions, by refusing to permit Youngwith to be accompanied by her service animal at all school functions, including after-school basketball, track, and other programs, violate the School Code. 105 ILCS 5/14-6.02.

85. Youngwith is a student with a disability as defined by the School Code and her service animal, Simba, is a service animal as defined by the School Code. 105 ILCS 5/14-1.02.

86. School District is a school board for a school district that operates under the authority of the School Code. 105 ILCS 5/1-3.

87. Section 14-6.02 of the School Code was revised in 1991 shortly after the authorization of the ADA and the language regarding service animals in the School Code mirrors the "service animal" definition in Title III of the ADA.

88. The actions of School District described herein demonstrate a violation of 105 ILCS 5/14-6.02 due to its refusal to allow Youngwith full participation with her service animal in after school sports and recreation programs.

89. By engaging in the foregoing acts, School District willfully disregarded Section 14-6.02 of the School Code.

90.  As a result of the foregoing acts of School District, Youngwith has suffered by being denied full and unlimited participation in after-school activities.

WHEREFORE, Youngwith requests that this Court enter judgment in her favor and against School District as follows:

a)  A declaratory judgment that School District has discriminated against Youngwith by denying her admission to School District programs and services in violation of 105 ILCS 5/14-6.02;

b)  An order requiring School District to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c)  An order requiring School District to undergo ADA and disability awareness training; and

d)  Such other relief as the Court deems just and proper.

## COUNT VI: SCHOOL DISTRICT COMMITTED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF

91.  Youngwith reincorporates and realleges the allegations in paragraphs 1 through 90 as if fully set forth in this paragraph 91.

92.  The actions of School District in limiting Youngwith's participating in basketball and track programs, when this was not done previously, was intended to cause or recklessly or consciously disregarded the probability of causing Youngwith severe and significant emotional distress.

93.  The conduct of School District against Youngwith was extreme and outrageous.

94. The actions of School District did cause Youngwith severe and significant emotional distress and caused physical harm in the form of stress, anxiety, migraines, nausea, difficulties sleeping, and other harm.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against School District as follows:

a) A declaratory judgment that School District has intentionally inflicted emotional distress upon Youngwith in violation of Illinois law;

b) An order requiring School District to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) Compensatory damages;

d) Punitive damages;

e) Attorneys' fees and costs;

f) An order requiring School District to undergo ADA and disability awareness training; and

g) Such other relief as the Court deems just and proper.

## COUNT VII: SOI COMMITTED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF

95. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 94 as if fully set forth in this paragraph 95.

96. The actions of SOI in limiting Youngwith's participating in basketball and track programs, when this was not done previously, was intended to cause or recklessly or consciously disregarded the probability of causing Youngwith severe and significant emotional distress.

97. The conduct of SOI against Youngwith was extreme and outrageous.

98. The actions of SOI did cause Youngwith severe and significant emotional distress and caused physical harm in the form of stress, anxiety, migraines, nausea, difficulties sleeping and other harm.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against SOI as follows:

a) A declaratory judgment that SOI has intentionally inflicted emotional distress upon Youngwith in violation of Illinois law;

b) An order requiring SOI to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) Compensatory damages;

d) Punitive damages;

e) Attorneys' fees and costs;

f) An order requiring SOI to undergo ADA and disability awareness training; and

g) Such other relief as the Court deems just and proper.

## COUNT VIII: SCHOOL DISTRICT COMMITTED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF

99. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 98 as if fully set forth in this paragraph 99.

100. School District owed a duty of reasonable care toward Youngwith and the actions of School District breached that duty of care.

101. Defendant School District's negligence proximately caused Youngwith's injuries.

102. The actions and negligence of School District did cause Youngwith severe and significant emotional distress and caused physical harm in the form of stress, anxiety, migraines, nausea, difficulties sleeping and other harm.

**WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against School District as follows:

a) A declaratory judgment that School District has intentionally inflicted emotional distress upon Youngwith in violation of Illinois law;

b) An order requiring School District to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

c) Compensatory damages;

d) Punitive damages;

e) Attorneys' fees and costs;

f) An order requiring School District to undergo ADA and disability awareness training; and

g) Such other relief as the Court deems just and proper.

## COUNT IX: SOI COMMITTED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF

103. Youngwith reincorporates and realleges the allegations in paragraphs 1 through 102 as if fully set forth in this paragraph 103.

104. SOI owed a duty of reasonable care toward Youngwith and the actions of SOI breached that duty of care.

105. Defendant SOI's negligence proximately caused Youngwith's injuries.

106. The actions and negligence of SOI did cause Youngwith severe and significant emotional distress and caused physical harm in the form of stress, anxiety, migraines, nausea, difficulties sleeping and other harm.

      **WHEREFORE**, Youngwith requests that this Court enter judgment in her favor and against SOI as follows:

    a) A declaratory judgment that SOI has intentionally inflicted emotional distress upon Youngwith in violation of Illinois law;

    b) An order requiring SOI to allow Youngwith to participate fully in basketball, track, and other programs and events using her oxygen tanks and her service animal;

    c) Compensatory damages;

    d) Punitive damages;

    e) Attorneys' fees and costs;

    f) An order requiring SOI to undergo ADA and disability awareness training; and

    g) Such other relief as the Court deems just and proper.

## Jury Demand

Youngwith demands a trial by jury as to all issues so triable.

      Respectfully submitted,


      /s/ Alan M. Goldstein
      Alan M. Goldstein
      Attorney for Plaintiff

Alan M. Goldstein
Amy F. Peterson
Daniel A. Spira
Rachel F. Margolis
Equip for Equality
20 North Michigan Avenue
Suite 300
Chicago, Illinois 60602
(312) 341-0022 (telephone)
(312) 341-0295 (fax)